**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| In re: | : | Case No. 17-12335 |
| | : | Chapter 13 |
| Anthony Harr | : | Judge Hopkins |
| Darla Harr | : | |
| | : | **MOTION TO COMPEL COMPLIANCE** |
| **Debtor** | : | **WITH 11 U.S.C. § 362 AND REQUEST FOR** |
| | : | **DAMAGES** |
| | : | |

Now come Debtors, by and through counsel, and move the Court to compel creditor Auto Now Acceptance Co. to comply with 11 U.S.C. § 362 and return Debtors' 2006 Chevrolet Uplander to the Debtors as more thoroughly explained in the accompanying memorandum.

        Respectfully submitted,

        /s/ Scott D. Augsback
        Scott D. Augsback, Esq. (OH-0093637)
        DAVID KRUER & COMPANY, LLC
        Attorneys for Debtors
        800 Gallia Street, Suite 28
        Portsmouth, Ohio 45662
        (740) 354-4483
        (740) 354-7780 fax
        scott.dkandco@fuse.net

**MEMORANDUM**

The Debtors filed the instant Chapter 13 Bankruptcy on June 26, 2017. Prior to the date of filing, Creditor Auto Now Acceptance Co. had repossessed the Debtors' 2006 Chevrolet Uplander. Upon information and belief of the Debtors, the vehicle remains titled in the Debtor wife's name. The Debtors promptly informed Creditor of the bankruptcy filing by phone on the day of filing. Debtors were advised that Creditor needed to consult with counsel prior to releasing the vehicle. Debtors have at all times relevant maintained an intention to retain their vehicle. Debtors timely filed their statement of intention with the Court, and clearly indicated their intention to retain the property and to redeem said property, and additionally claimed the vehicle exempt as required by 11 USC 521(a).

After multiple attempts contacting Creditor to obtain possession of the vehicle, Debtors contacted their counsel to try and assist, as the Debtors had to rent other transportation in order for Debtor

husband to travel to and from work, and to take care of their dependant. On June 28, 2017 Debtors' counsel communicated by phone with Creditor's counsel regarding the return of the vehicle. It was the understanding of Debtors' counsel at the conclusion of that phone conversation, that Creditor would contact the Debtors directly to let them know when they could pick up the vehicle.

The following week, after not receiving any communication from Creditor, Debtors again contacted their counsel. Debtors' counsel called and left messages for Creditor's counsel regarding the return of the vehicle, and Debtors called Creditor directly to see if they were able to pick up their vehicle. Creditor informed Debtors that they still were not going to return the vehicle to the Debtors, and that Debtors' counsel would need to speak with Creditor's counsel as to why.

On July 7, 2017 Debtor's counsel was able to reach Creditor's counsel by telephone. It was during this conversation that Creditor's counsel asserted that the vehicle would not be returned. Creditor's counsel further indicated that Creditor did not agree with the valuation that Debtors proposed to pay for the redemption of their vehicle.

Creditor has not provided any supporting case law or statutory provision that would support its position that withholding the Debtors' vehicle is not a blatant violation of the automatic stay. Section 362(h) of Title 11 clearly states that the automatic stay as to personal property of the Debtors does not terminate unless the Debtors fail to comply with the requirements of 11 USC 521(a)(2). As previously stated, the Debtors have complied with all of the requirements contained in the relevant code provision, and as such the property is subject to the automatic stay.

Creditor's express refusal to return the vehicle, both directly and through counsel, is a willful violation of the automatic stay. "A violation of the automatic stay is willful when the creditor knew of the stay and violated the stay by an intentional act." *TranSouth Fin. Corp. v Sharon. (In re Sharon*, 234 B.R. 676, 687 (6th Cir.BAP 1999). Section 362(k)(1) provides in pertinent part that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. 362(k)(1).

Creditor, directly and thorough counsel, had actual notice of the bankruptcy filing. Creditor continues to this date to withhold access of the vehicle from the Debtors in violation of the automatic stay. Creditor's express refusal to return the Debtors' vehicle in violation of the

automatic stay is subject to monetary sanctions as permitted by 11 USC 342(g)(2). This Court has held that non-compensatory sanctions can be justified to ensure compliance with the bankruptcy code. See *In re Abel,* unreported, 15-12292, March 6, 2017 (Bankr.S.D.Ohio).

Additionally, an award of actual damages and attorney fees is mandated by 11 USC 362(k)(1). Actual damages in the instant case would include any transportation expenses incurred by the Debtors after the filing of their petition including rental car expenses. Attorney fees have been incurred and will continue to accrue. Counsel will submit a request for fees at the conclusion of the matter.

Wherefore, Debtor respectfully requests this honorable Court to issue an order compelling Auto Now Acceptance Co. to comply with 11 U.S.C. § 362 and return possession of the Debtors' vehicle together with the award of such damages as are determined by the Court, including reasonable attorney fees, to which the Debtor is entitled in law or equity.

Respectfully submitted,

/s/ Scott  D. Augsback
Scott D. Augsback, Esq. (OH-0093637)
DAVID KRUER & COMPANY, LLC
Attorneys for Debtor
118 West Fifth Street, Suite E
Covington, KY 41011
(859) 291-7213

## NOTICE OF MOTION (20A Notice)

The Debtor has filed papers with the Court to have an order issued to compel compliance with 11 U.S.C. § 362 and impose damages.  **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**  If you do not want the Court to grant such a order, or if you want the Court to consider your views on the motion, then on or before twenty-one (21) days following the date this notice was sent to you or such shorter time period that the Court may set by order, you or your attorney must: File with the court a written response to the motion, explaining your position, at: Clerk of Court, U.S. Bankruptcy Court, Atrium Two, Suite 800, 221 East Fourth Street, Cincinnati, Ohio 45202.  If you mail your response to the court for filing, you must mail it early enough so that the Court will **receive** it on or before the date described above.  You must also mail a copy to the following parties: Margaret A. Burks, Chapter 13 Trustee, 600 Vine Street, Suite 2200, Cincinnati, Ohio 45202; the U.S. Trustee, 36 East Seventh Street, Suite 2030, Cincinnati, Ohio 45202; and the attorney for the Debtor, David Kruer & Company, LLC, 118 W. Fifth Street, Suite E, Covington, KY 41011.  If you or your attorney do not take these steps, the Court may decide that you do not oppose the request sought in Motion and may enter an order granting that request.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion to COMPEL COMPLIANCE WITH 11 U.S.C. § 362 AND REQUEST FOR DAMAGES was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by ordinary U.S. Mail on July 14, 2017 addressed to:

Anthony & Darla Harr
2381 State Route 131
Goshen OH 45122

Auto Now Acceptance Co
PO Box 1308
Portsmouth OH 45662

/s/Scott D. Augsback
Scott D. Augsback (OH-0093637)